IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv134
(3:05cr213)

| | |
|---|---|
| RANDOLPH HARRIS AUSTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial consideration of the petitioner's Motion for New Trial Under 28 U.S.C. § 2255 filed March 25, 2008. (Doc. No. 1).

The petitioner was indicted on July 27, 2006, for conspiracy to possess with intent to deliver cocaine and crack cocaine in violation of 21 U.S.C. §§ 846 and 841(B)(1)(A) (Count One) and attempting to possess with intent to deliver cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2 (Count Two). (Case No. 3:05cr213, Doc. No. 73: Superseding Indictment). On August 15, 2006, following a two-day trial, he was convicted of both offenses. (Case No. 3:05cr213, Doc. No. 117: Jury Verdict). The petitioner is scheduled for sentencing on April 1, 2008.

Title 28, United States Code § 2255 applies to "[a] prisoner under sentence of a court" of the United States. Thus, where a federal prisoner has not yet been sentenced, a district court lacks jurisdiction over a motion brought under § 2255. <u>Stantini v. United States</u>, 140 F.3d 424, 427 (2d Cir. 1998). Ordinarily, a prisoner is sentenced and exhausts his direct appeal before

filing a § 2255 motion. Id. at 426. Here, the Court lacks jurisdiction over the motion because it was prematurely filed before sentencing.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for New Trial Under 28 U.S.C. § 2255 is **DISMISSED** without prejudice to be re-filed by the defendant at the appropriate time.

Signed: March 31, 2008

Robert J. Conrad, Jr.
Chief United States District Judge